UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLOOMBERG L.P.,<br><br>*Plaintiff*,<br><br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>*Defendant*. | Civ. A. No. 22-3309 |

## ANSWER

Defendant, the Federal Trade Commission ("Defendant" or "FTC"), by and through undersigned counsel, hereby submits this Answer to the Complaint, ECF No. 1, filed against Defendant by Plaintiff Bloomberg L.P. in this Freedom of Information Act, 5 U.S.C. § 552, ("FOIA") action.

## RESPONSES

Defendant responds below to the separately numbered paragraphs and prayer for relief contained in the Complaint. To the extent that any allegation is not admitted herein, it is denied. Moreover, to the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by Plaintiff; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

Defendant responds to the Complaint in like number paragraphs as follows:

# COMPLAINT[1]

1. Defendant admits that Plaintiff's lawsuit concerns a FOIA request for "Pre-Consummation Warning Letters." The remainder of Paragraph 1 is denied.

2. Defendant admits that Bloomberg News and Leah Nylen made the FOIA request at issue in this case. Defendant lacks sufficient information to either admit or deny the remaining allegations contained in Paragraph 2.

3. Admitted.

## JURISDICTION AND VENUE

4. Admitted.

5. Admitted.

## JUNE 23, 2022 FOIA REQUEST

6. Defendant admits that it received a FOIA request from Plaintiff dated June 23, 2022, and refers the Court to that request for its true and complete contents.

7. Admitted.

8. Defendant admits the allegations in this paragraph and refers the Court to Defendant's June 28, 202,2 letter for its true and complete contents.

9. Defendant admits the allegations in this paragraph and refers the Court to Plaintiff's July 15, 2022, appeal letter for its true and complete contents.

10. Defendant admits the allegations in Paragraph 10 and refers the Court to Defendant's August 15, 2022, letter denying Plaintiff's appeal for its true and complete contents.

---

[1] For ease of reference, Defendant's Answer uses the headings and titles contained in the Complaint, but to the extent those headings and titles could be construed to contain factual allegations, they are denied.

11. Defendant admits that the August 15, 2022, letter affirmed the proper application of Exemption 7(A) and also asserted the proper application of Exemption 3, in conjunction with the HSR Act, 15 U.S.C. § 18a(h), to the requested records. To the extent Paragraph 11 otherwise characterizes Defendant's response to Plaintiff's appeal, Defendant refers the Court to the August 15, 2022, letter for its true and complete contents.

12. The allegations in Paragraph 12 do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f). To the extent the allegations seek to provide background facts in support of allegations of a public interest, Defendant presently lacks knowledge or information sufficient to form a belief as to whether there is a public interest that may be outweighed by any countervailing interests. Moreover, the allegations in Paragraph 12 contain an implicit legal conclusion to which no response is required. To the extent a response is required, Defendant denies the implication that treatment of "Early Termination Letters" is inconsistent with Defendant's withholding of the Pre-Consummation Warning Letters in this case.

13. Paragraph 13 contains legal conclusions to which no response is required. To the extent a response is required, it is denied.

14. Paragraph 14 contains legal conclusions to which no response is required. To the extent a response is required, it is denied.

15. Paragraph 15 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits that it has not produced records responsive to Plaintiff's FOIA request but otherwise denies the allegations.

## COUNT I – JUNE 23, 2022 FOIA REQUEST
## FTC'S FOIA VIOLATION

16. Defendant repeats the responses to paragraphs 1-15 and incorporates them by reference as fully set forth herein.

17. Paragraph 17 contains legal conclusions to which no response is required. To the extent a response is required, it is denied.

18. Admitted.

19. Paragraph 19 contains legal conclusions to which no response is required. To the extent a response is required, it is denied.

20. Admitted.

The remainder of the Complaint consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

## **DEFENSES**

Defendant alleges the following additional defenses to the Complaint. In asserting these defenses, Defendant does not assume the burden to establish any fact or proposition where that burden is properly imposed upon Plaintiff. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized under FOIA. *See* 5 U.S.C. § 552.

## SECOND DEFENSE

Plaintiff is not entitled to compel production of records exempt from disclosure by one or more exemptions or exclusions enumerated in the FOIA, 5 U.S.C. § 552(b), where disclosure would cause foreseeable harm.

## THIRD DEFENSE

Plaintiff is not entitled to attorneys' fees and costs.

Dated: December 7, 2022
Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By: /s/_____
JOHN MOUSTAKAS
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
Telephone: (202) 252-2518
john.moustakas@usdoj.gov

*Attorneys for Defendants*