## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BLOOMBERG L.P.,** | |
| *Plaintiff*, | |
| v. | **Civ. A. No. 22-3309** |
| **FEDERAL TRADE COMMISSION,** | |
| *Defendant*. | |

## <u>DECLARATION OF ELIZABETH TUCCI</u>

I, Elizabeth Tucci, declare the following to be a true and correct statement of facts to the best of my knowledge and belief:

1.      I am currently Deputy General Counsel for Legal Counsel in the Office of General Counsel (OGC) of the Federal Trade Commission (FTC), a position I have held since September 2020. Since joining the Commission in 2005, I have served in a variety of positions, most recently as Acting Deputy General Counsel (July 2000 – September 2020), Acting Assistant Director for the Division of Advertising Practices (2018-2020), and Chief Litigation Counsel for the Bureau of Consumer Protection (2016-2018). Prior to these positions, I served as an attorney in the Divisions of Advertising Practices and Enforcement. The FTC is headquartered at 600 Pennsylvania Avenue NW, Washington, D.C. 20580.

2.      I am the official designated to review appeals for the FTC under the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

3.      The FTC's OGC is responsible for responding to requests and appeals filed under FOIA. OGC's FOIA unit works with offices and bureaus in the agency to respond to FOIA requests and related litigation. FOIA unit staff reviews FOIA requests for access to records

located in OGC and the FTC's Bureaus and Offices, conducts searches to locate responsive

records, and recommends whether to withhold or release responsive records.

4.      The Assistant General Counsel for Information and Legal Support supervises

these tasks, ensures they are completed in compliance with FOIA and all relevant laws and

regulations, and makes the initial determination whether to withhold or release responsive

records. Dione Stearns served in this role during the time period relevant to Bloomberg's FOIA

request.

5.      In my capacity as the official designated to review FOIA appeals, when a FOIA

requester appeals the FOIA unit's initial determination, I have authority to release and/or

withhold records requested under the FOIA, and to explain the rationale for FTC's disclosure

determinations.

6.      The statements I make in this declaration are based on my review of the official

files and records of the FTC, my own personal knowledge, and/or information acquired by me

through the performance of my official duties.

**Bloomberg's FOIA Request**

7.      Due to the nature of my official duties, I am familiar with procedures followed by

the FTC in responding to Plaintiff's FOIA request, which is the subject of this lawsuit. This

declaration is drafted in support of the FTC's Motion for Summary Judgment.

8.      On June 23, 2022, Bloomberg's Leah Nylen submitted a FOIA request to the FTC

requesting "pre-consummation warning letters issued by the agency since July 2021 as disclosed

in" the FTC's August 3, 2021 blog post.[1] The FTC's FOIA unit assigned FOIA request number

2022-01204 to the request, which is attached hereto as Exhibit A.

      9.      Bloomberg's FOIA request was actually the third FOIA request the FTC had

received regarding these pre-consummation warning letters.

      10.     The first FOIA request for these warning letters was made in September 2021,

FOIA request number 2021-01365. In connection with that request, the FOIA unit had identified

the Bureau of Competition Office of the Director as custodian of responsive records. That Office

had explained that any responsive records could not be released because they were confidential

and issued in connection with non-public agency investigations. The FOIA unit determined that

the records were exempt from disclosure under Exemption 7(A), which protects "records or

information compiled for law enforcement purposes" to the extent production "could reasonably

be expected to interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). Accordingly,

on October 7, 2021, FOIA Assistant General Counsel Stearns denied request FOIA 2021-01365

in full, citing FOIA Exemption 7(A).

      11.     The second such request was made on February 25, 2022, FOIA request number

2022-00664. This request had been submitted by Ms. Nylen during her employment with

Politico, and sought a copy of all pre-consummation warning letters the FTC had issued as

discussed in the August 3, 2021 blog post referenced above. In connection with this request, a

Government Information Specialist ("Specialist") in the FTC FOIA unit had performed a search

in FOIAXpress – the FOIA unit's standard FOIA processing technology that houses all pending

and closed FOIA requests and related correspondence – for previous requests seeking the same

---

[1] *See* "Adjusting merger review to deal with the surge in merger filings,"
https://www.ftc.gov/enforcement/competition-matters/2021/08/adjusting-merger-review-deal-surge-merger-filings (Aug. 3, 2021).

information. The Specialist located the previous FOIA request seeking pre-consummation warning letters, FOIA 2021-01365. The FOIA unit determined again that these documents were exempt from disclosure under Exemption 7(A), and on March 3, 2022, Assistant General Counsel Stearns denied FOIA 2022-00664 in full.

12.     Bloomberg's FOIA request was the third one seeking the same documents. In response to Bloomberg's request, on or around June 27, 2022, an attorney in the FOIA unit began the search for responsive records in FOIAXpress and discovered the two previously processed FOIA requests discussed above. After review of the correspondence regarding requests 2021-01365 and 2022-00664, in June 2022, the FOIA unit determined that the records responsive to Bloomberg's request (FOIA 2022-01204) likewise were exempt from disclosure under Exemption 7(A).

13.     Accordingly, on June 28, 2022, by letter, Assistant General Counsel Stearns denied Bloomberg's request, explaining that disclosure of these letters "could reasonably be expected to interfere with the conduct of the Commission's law enforcement activities." Attached as Exhibit B is a copy of this letter ("Stearns Letter").

**Bloomberg's Administrative Appeal**

14.     Bloomberg filed an administrative appeal on July 15, 2022, arguing that the withheld records were not compiled for law enforcement purposes and therefore were not covered by Exemption 7(A). Attached as Exhibit C is a copy of Bloomberg's administrative appeal letter.

15.     As the official designated to review FOIA appeals for the FTC, I reviewed Bloomberg's FOIA request and the FOIA unit's initial determination, and concluded that the requested records indeed were exempt from FOIA disclosure.

4

16.     On August 15, 2022, I denied Bloomberg's FOIA appeal by letter. Attached as Exhibit D is a copy of this letter ("FTC Appeal Letter"). I explained that the records were covered by Exemption 7(A), as the FOIA unit had initially determined. FTC Appeal Letter at 1-2. If the requested letters were released, they would reveal important details about ongoing investigations, compromising those investigations and potential enforcement actions. FTC Appeal Letter at 2.

17.     I further determined that the records were also exempt from disclosure under Exemption 3, which permits an agency to withhold records that another statute exempts from disclosure. FTC Appeal Letter at 2-3. The Hart-Scott-Rodino Antitrust Improvements Act ("HSR Act") expressly provides that "[a]ny information or documentary material filed with [the FTC] pursuant to this section shall be exempt from disclosure under section 552 of Title 5" (i.e., FOIA). 15 U.S.C. § 18a(h) ("Section 18a(h)"). Because the requested letters reflected "information . . . filed with [the FTC]" – including company names, addresses, and details of the proposed mergers submitted in HSR filings – they were also protected by Exemption 3 and Section 18a(h). FTC Appeal Letter at 2-3.

18.     The FTC therefore refused to release the requested letters to Bloomberg, having determined that they were covered by FOIA Exemptions 3 and 7(A).

19.     The reasons these two exemptions apply are more fully set out in the Declaration of Holly Vedova, Director of the FTC's Bureau of Competition, which is being filed herewith in support of the FTC's Motion for Summary Judgment.

20.     The form letter used as a template for the pre-consummation warning letters at issue was posted on the FTC's website with the August 3, 2021 blog post. Segregating the

recipient-specific information and producing redacted versions of the letters would amount to producing copies of the already-public form letter; Bloomberg did not ask us to do this.

**Conclusion**

21.     The FTC's handling of Plaintiff's FOIA request has been consistent with the FTC's procedures and the law.


Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the statements made in the foregoing Declaration are true and correct to the best of my knowledge, information and belief.

Executed on the 8th day of March, 2023, in Washington, D.C.


 /s/ Elizabeth Tucci_____

Elizabeth Tucci

# Exhibit A

FOIA-2022-01204

SUBMITTED ELECTRONICALLY VIA FTC PUBLIC ACCESS LINK ON 6/23/2022

**Leah Anne Nylen**
Reporter
Bloomberg
1101 New York Ave NW
Suite 800
Washington, DC  20005
lnylen2@bloomberg.net

Requester Default Category: News Media


RE: Pre-consummation warning letters

Pursuant to the Freedom of Information Act, 5 U.S.C. Section 552 et seq.("FOIA") and on behalf
of Bloomberg News, I request access to and copies of: all pre-consummation warning letters
issued by the agency since July 2021 as disclosed in this Aug. 3, 2021 blog post:
https://www.ftc.gov/enforcement/competition-matters/2021/08/adjusting-merger-review-deal-sur
ge-merger-filings (Date Range for Record Search: From 7/1/2021 To 6/23/2022)

I am making this request as a reporter for Bloomberg News, an accredited and recognized
news-gathering organization.  I request the Records to inform the public about matters of public
concern.

**Request - FOIA-2022-01204**

✉ **Inbox (0)**     ✈ **Compose Message**  🔔 **Sent Messages**     **Withdraw Request**     ← **Back (RequestStatus.aspx)**

### Requester Details

To modify request details please update your requester profile or contact the our office for assistance.

**Leah Anne Nylen**
Reporter
Bloomberg
1101 New York Ave NW
Suite 800
Washington, DC  20005
lnylen2@bloomberg.net

Requester Default Category: News Media

### Request Details

| | |
|---|---|
| Date Requested | 06/23/2022 |
| Status | Closed |

### General Information

**FOIA/PA -** The Freedom of Information Act (FOIA) allows any person to make a request for any agency records so long as one of the nine FOIA exemptions do not apply to the record(s) or portions of the record(s). *See* 5 U.S.C. § 552.  However, if you are seeking records about yourself or a specific person, see Make a Privacy Act Request.

**Privacy Act Requests** - The Privacy Act of 1974 requires additional identification verification to obtain agency records about yourself or a specific individual.  5 U.S.C. § 552a(b).  If you are requesting records about yourself, we are required to verify your identity before releasing any records.  If you are a third-party requesting records about a specific individual, that individual is required to authorize the release of those records.  If submitting a Privacy Act you must complete and attached the Certification of Identity and Consent Form (https://www.ftc.gov/system/files/attachments/make-privacy-act-request /privacy_act_request_form.pdf) to your request in the area provided below.



**Subject Matter of Request**

In 8 words or less, please describe the subject matter of your request. (e.g., "Do-Not-Call complaints submitted in May 2018" or "Records the FTC may have about me.")

Subject Matter of Request — Pre-consummation

**Description of Records**

- Please provide a detailed description of the information you seek.
- Requesters must reasonably describe the records sought and provide sufficient details to enable personnel to locate those records with a reasonable amount of effort. Include descriptive information such as when and by whom the record(s) was created. **Do not include sensitive personally identifiable information** such as a date of birth or social security number.
- Try to keep your request simple and to the point.  Highly complex requests or requests for voluminous records may be delayed.  Also, please note that the FOIA does not require agencies to do research for you, answer written questions, or in any other way create records (such as lists or statistics) in order to respond to a request.

**Enter detailed description in the field below and if necessary add attachment.**

| Detailed Records Description | Pursuant to the Freedom of Information Act, 5 U.S.C. Section 552 et seq.("FOIA") and on behalf of Bloomberg News, I request access to and copies of: all pre- |
|---|---|

| Date Range for Record Search: From(mm/dd/yyyy) | 07/01/2021 | To (mm/dd/yyyy) | 06/23/2022 |
|---|---|---|---|

| Description Document | 📎 Add Attachment |
|---|---|

**Consent** - only required in very limited circumstances.

| Consent Attachment | 📎 Add Attachment |
|---|---|

**Proof of Identity - To ensure Privacy Act protected information is not released improperly, access to records regarding you or your minor child must be accompanied by verification(s) of identity. Complete the Certification of Identity and Consent Form (https://www.ftc.gov/system/files/attachments /make-privacy-act-request/privacy_act_request_form.pdf) and attach below.**

| Proof of Identity Attachment | 📎 Add Attachment |
|---|---|

**Fee Information**

The FOIA allows agencies to charge fees for processing FOIA requests (See Fee Regulations (https://www.ftc.gov/about-ftc/foia/fee-regulations) for Requester Category Information)

**Fee Agreement** (enter the maximum amount of fees you are willing to pay)

| Amount Willing to Pay ($) | 100.00 |
|---|---|

**Fee Waiver Requests -** A request for a waiver or a reduction of fees will be considered if disclosure of the information is in the public interest, because it is likely to contribute significantly to public understanding of the operations or activities of the government, and is not primarily in the commercial interest of the requester.

| Check to Request a Fee Waiver | ☑ 📎 Add Attachment |
|---|---|

| Fee Waiver Granted | TBD |
|---|---|

| Reason for Waiver Request | I am making this request as a reporter for Bloomberg News, an accredited and recognized news-gathering organization. I request the Records to inform the public |
|---|---|

**Expedite Information**

A request may be processed on an expedited basis if the requester demonstrates a compelling need for expedited treatment.  A requester may show a "compelling need" in one of two ways: (1) by establishing that failure to obtain the records quickly "could reasonably be expected to pose an imminent threat to the life or physical safety of an individual," or (2) by showing that the requester is a "person primarily engaged in disseminating information" and that an "urgency to inform the public concerning actual or alleged Federal Government activity" exists.  5 U.S.C. § 552(a)(6)(E)(v); <u>accord</u> 16 C.F.R. § 4.11 (a)(1)(i)(G).

**If you believe your request warrants expedited treatment, please select and describe in detail your specific justification for such treatment, <u>which you must certify as true and correct</u>.  Simply stating that the request should be expedited or reciting the statutory language, without more, is insufficient to obtain expedited treatment.**

| | |
|---|---|
| Check to Request Expedite | ☐ 📎 Add Attachment |

Select Justification

☐ An imminent threat to the life or physical safety of an individual exits.

☐ An urgency to inform the public concerning actual or alleged federal government activity exists (option available c

| | |
|---|---|
| Detailed Justification | |

**Payment Information**

| Invoice No. | Invoice Date | Invoice Amount | Transaction Number | Paid Amount | Balance | Method of Payment | Transaction Date | Invoice Action |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |

© 2018 AINS, Inc.

# Exhibit B



UNITED STATES OF AMERICA
**FEDERAL TRADE COMMISSION**
WASHINGTON, D.C. 20580

# Exhibit 2

June 28, 2022

Leah Nylen
Bloomberg
1101 New York Ave NW, Suite 800
Washington, DC 20005

Re:     FOIA-2022-01204

Dear Ms. Nylen:

This is in response to your request dated June 23, 2022 under the Freedom of Information Act seeking access to a copy of all pre-consummation warning letters the FTC has issued as discussed in this blog post from August 2021: https://www.ftc.gov/news-vents/blogs/competition-matters/2021/08/adjusting-merger-review-deal-surge-merger-filings. In accordance with the FOIA and agency policy, we have searched our records on June 27, 2022.

We are denying your request. The responsive records are exempt from disclosure under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A), because disclosure of that material could reasonably be expected to interfere with the conduct of the Commission's law enforcement activities.  *See Robbins Tire & Rubber Co. v. NLRB,* 437 U.S. 214 (1978).

If you have any questions about the way we are handling your request or about the FOIA regulations or procedures, please contact Anthony Ellis at rellis@ftc.gov.

If you are not satisfied with this response to your request, you may appeal by writing to Freedom of Information Act Appeal, Office of the General Counsel, Federal Trade Commission, 600 Pennsylvania Avenue, N.W., Washington, D.C. 20580, or via email at FOIAAppeal@ftc.gov, within 90 days of the date of this letter.  Please enclose a copy of your original request and a copy of this response.

You also may seek dispute resolution services from the FTC FOIA Public Liaison Richard Gold via telephone at 202-326-3355 or via e-mail at rgold@ftc.gov; or from the Office of Government Information Services via email at ogis@nara.gov, via fax at 202-741-5769, or via mail at Office of Government Information Services (OGIS), National Archives and Records Administration, 8601 Adelphi Road, College Park, MD 20740.

Please note that the FOIA Public Liaison's role relates to comments, questions or concerns that a FOIA Requester may have with or about the FOIA Response.

Sincerely,

/ LR

Dione J. Stearns
Assistant General Counsel

# Exhibit C

# Ballard Spahr
LLP

**Exhibit 3**

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

1909 K Street, NW
12th Floor
Washington, DC 20006-1157
TEL 202.661.2200
FAX 202.661.2299
www.ballardspahr.com

Chad R. Bowman
Tel: 202.508.1120
Fax: 202.661.2299
bowmanchad@ballardspahr.com

July 15, 2022

_Via E-mail (FOIAAppeal@ftc.gov)_

Freedom of Information Act Appeal
Office of the General Counsel
Federal Trade Commission
600 Pennsylvania Ave., N.W.
Washington, D.C. 20580

Re:     <u>Administrative Appeal from Denial of FOIA Request, FOIA-2022-01204</u>

FOIA Appeal Officer:

We represent Bloomberg News and its Reporter Leah Nylen (collectively, "Bloomberg").
We write to appeal the Federal Trade Commission's ("FTC") denial of Bloomberg's June
23, 2022 Freedom of Information Act ("FOIA") request for copies of "all pre-consummation
warning letters issued by the agency since July 21" as discussed in the FTC's August 2021
blog post (the "Request").[1] In response to the Request, the FTC asserted that "responsive
records are exempt from disclosure under FOIA Exemption 7(A), 5 U.S.C. § 552(b)(7)(A),
because disclosure of that material could reasonably be expected to interfere with the
conduct of the Commission's law enforcement activities."[2] Exemption 7(A), however, does
not justify withholding the records sought. As such, we respectfully request that the FTC be
directed to disclose responsive records consistent with its obligations under FOIA.

## <u>BACKGROUND</u>

In August of 2021, the FTC explained that, because it had "been hit by a tidal wave of
merger filings that [was] straining [its] capacity to rigorously investigate deals ahead of the
statutory deadlines," it had "begun to send form letters alerting companies that the FTC's
investigation remains open and remind companies that the agency may subsequently
determine that [a] deal was unlawful" and that companies that "chose to proceed with

---

[1] The Request is attached to this appeal as Exhibit A. The blog post referenced in the request
is at https://www.ftc.gov/enforcement/competition-matters/2021/08/adjusting-merger-
review-deal-surge-merger-filings.

[2] The FTC's Denial Letter is attached to this appeal as Exhibit B.

Freedom of Information Act Appeal
July 15, 2022
Page 2

transactions that ha[d] not been fully investigated," therefore, were "doing so at their own
risk." The FTC clarified that its issuance of a form letter "should not be construed as a
determination that [a] deal is unlawful, just as the fact that we have not issued such a letter . .
. should not be construed as a determination that a deal is lawful."[3]

On June 23, 2022, Bloomberg submitted its FOIA Request seeking access to a copy of all
such pre-consummation letters. On June 28, 2022, the FTC denied the Request citing FOIA
Exemption 7(A). As explained below, this denial is inconsistent with FOIA's requirements
and germane case law. Bloomberg, therefore, requests that responsive records be promptly
disclosed.

## ARGUMENT

The "basic policy" of FOIA is "disclosure, not secrecy." *Dep't of Interior v. Klamath Water
Users Protective Ass'n*, 532 U.S. 1, 8 (2001). Congress intended FOIA "to pierce the veil of
administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of
Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). FOIA creates a "strong
presumption in favor of disclosure" and squarely "places the burden on the agency to justify
the withholding of any requested documents." *Dep't of State v. Ray*, 502 U.S. 164, 163
(1991). FOIA's limited exemptions, on the other hand, "must be narrowly construed." *Multi
AG Media LLC v. Dep't of Agriculture*, 515 F.3d 1224, 1227 (D.C. Cir. 2008) (citation
omitted).

Consistent with these well-established principles, the amendments to FOIA enacted in the
FOIA Improvement Act of 2016 require agencies to administer FOIA with a clear
presumption of openness and permit withholding of information only in situations where
disclosure would result in *reasonably foreseeable harm* or where disclosure is prohibited by
law. *See* 5 U.S.C. § 552(a)(8)(A)(i).

### Exemption 7(A) does not Justify Withholding the Pre-Consummation Letters

Exemption 7 protects certain "records or information compiled for law enforcement
purposes," including, as relevant here, when disclosure "could reasonably be expected to
interfere with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). The purpose of
Exemption 7(A) is to "prevent harm to the government's case in court by not allowing
litigants earlier or greater access to agency investigatory files than they would otherwise
have." *Mapother v. Dep't of Justice*, 3 F.3d 1533, 1540 (D.C. Cir. 1993) (citation and marks
omitted). In order to withhold information pursuant to this exemption, agencies must show

---

[3] *See* https://www.ftc.gov/enforcement/competition-matters/2021/08/adjusting-merger-
review-deal-surge-merger-filings.

Freedom of Information Act Appeal
July 15, 2022
Page 3

that disclosure of the records "(1) could reasonably be expected to interfere with
(2) enforcement proceedings that are (3) pending or *reasonably anticipated*." *Id*. at 1540.

**Enforcement proceedings**. To begin with the second and third elements, records are
"compiled for law enforcement purposes" if they "were compiled for adjudicative or
enforcement purposes" related to the enforcement of criminal and civil laws. *Stern v. F.B.I.*,
737 F.2d 84, 88-9 (D.C. Cir. 1984). An agency must "establish a rational nexus between [its]
activity in compiling the documents and its law enforcement duties." *New York Times Co. v.
Dep't of Justice*, 390 F. Supp. 3d 499, 513 (S.D.N.Y. 2019). That the FTC *may* perform law
enforcement functions does not, by itself, justify withholding these requested records. *See
Roth v. Dep't of Justice*, 642 F.3d 1161, 1173 (D.C. Cir. 2011) ("FBI records are not law
enforcement records under FOIA imply by virtue of the function that the FBI serves.")
(citation and marks omitted).

Here, the FTC has indicated that its form letters, sent out as a matter of course, should not be
read to indicate that a "deal is unlawful." Indeed, the fact the FTC has *not* "issued such a
letter . . . should not be construed as a determination that a deal is lawful." By its own terms,
then, the FTC has fallen short of its burden to show that the records at issue—form letters
from which legal inferences should not be drawn irrespective of whether they are transmitted
to privates companies—were compiled for a pending or "reasonably anticipated"
enforcement proceeding.

**Reasonable expectation of interference.** In addition, the agency "must show by more than a
conclusory statement, how the particular kinds of investigatory records requested would
interfere with a pending enforcement proceeding." *Dillon v. Dep't of Justice*, 102 F. Supp.
3d 272, 290 (D.D.C. 2015) (citation and marks omitted). Exemption 7(A) "does not
authorize automatic or wholesale withholdings of records simply because the material is
related to an enforcement proceeding." *Id*. (citation omitted). That is, the agency must
provide "a predictive judgment of the harm that will result from disclosure of information."
*Ctr. for Nat'l Sec. Studies v. Dep't of Justice*, 331 F.3d 918, 928 (D.C. Cir. 2003).

While courts "give deference to an agency's predictive judgment of the harm that will result
from disclosure of information, it is not sufficient for the agency to simply assert that
disclosure will interfere with enforcement proceedings; it must rather demonstrate how
disclosure will do so." *Stein v. United States SEC*, 266 F. Supp. 3d 326, 344 (D.D.C. 2017)
(citation omitted); *accord Citizens for Responsibility & Ethics in Wash. v. Dep't of Justice*,
746 F.3d 1082, 1098 (D.C. Cir. 2014). "Ultimately, the government must allow the court to
trace a rational link between the nature of the document and the alleged likely interference."
*New York Times Co*., 390 F. Supp. 3d at 515 (citation and marks omitted).

In response to Bloomberg's Request, the FTC did not give *any* predictive judgment as to the
harm that will result from disclosure. Rather, it asserted in conclusory fashion that the
records "could reasonably be expected to interfere with the conduct of the Commission's law

Freedom of Information Act Appeal
July 15, 2022
Page 4

enforcement activities." Ex. B. This bare recitation of Exemption 7(A)'s function is plainly insufficient to satisfy the FTC's burden to justify its withholding. *See Citizens for Responsibility and Ethics in Wash.*, 746 F.3d at 1098 (stressing that "although we give deference to an agency's predictive judgment of the harm that will result from disclosure of information . . . it is not sufficient for the agency to simply assert that disclosure will interfere."); *see also Cuban v. SEC*, 744 F. Supp. 2d 60 (D.D.C. 2010) (denying summary judgment for SEC when agency failed to substantiate its exemptions with sufficient details for the court to conclude that the exemption was applicable.).

In short, the FTC's response to Bloomberg fails to meet the requirements imposed by Exemption 7(A). More importantly, the FTC's own characterization of its form letters—sent out *irrespective* of whether the agency anticipates any legal action whatsoever—places these records beyond the scope of Exemption 7(A)'s applicability. We respectfully request that you direct the FTC to release, without further delay, the records responsive to Bloomberg's Request.

We look forward to your prompt response to this appeal within 20 working days and, in any event, no later than the close of business on August 12, 2022. *See* 5 U.S.C. 552(a)(6)(A)(ii). If you would like to discuss this matter, my contact information is at the top of this letter. Thank you for your assistance.

Very truly yours,

Chad R. Bowman

CB

# Exhibit D



# **Exhibit 4**

UNITED STATES OF AMERICA
## Federal Trade Commission
WASHINGTON, D.C. 20580

Office of the General Counsel
~
Elizabeth Tucci
Deputy General Counsel for Legal Counsel

August 15, 2022

Chad R. Bowman, Esq.
Ballard Spahr LLP
1909 K Street, NW
12th Floor
Washington, DC 20006

Re:    Freedom of Information Act ("FOIA") Appeal | FOIA Request No. 2022-01204

Dear Mr. Bowman:

I am writing as the official designated to review FOIA[1] appeals for the Federal Trade Commission ("FTC").

On June 23, 2022, Ms. Nylen submitted a FOIA request seeking "pre-consummation warning letters issued by the agency since July 2021 as disclosed in [the FTC's August] 3, 2021 blog post: https://www.ftc.gov/enforcement/competition-matters/2021/08/adjusting-merger-review-deal-surge-merger-filings."[2] On June 28, 2022, Assistant General Counsel Dione Stearns fully denied Ms. Nylen's request for copies of the pre-consummation warning letters issued to companies in this time period and determined that the records were protected under FOIA Exemption 7(A).[3] On July 15, 2022, you submitted a timely appeal arguing that FOIA Exemption 7(A) does not apply to any responsive records.[4] You argue that the withheld records were not compiled for law enforcement purposes and state that "the FTC's own characterization of its form letters—sent out *irrespective* of whether the agency anticipates any legal action whatsoever—places these records beyond the scope of FOIA Exemption 7(A)'s applicability."[5] You also claim that the FTC failed to indicate the harm that would result in releasing the records and instead "asserted, in conclusory fashion, that the records 'could

---

[1] 5 U.S.C. § 552.
[2] Initial Request re: 2022-01204 dated June 23, 2022.
[3] Final Response re: 2022-01204 dated June 28, 2022 (hereinafter "Final Response").
[4] Appeal re: 2022-01204 dated July 15, 2022 (hereinafter "Appeal").
[5] *Id*. at 4.

reasonably be expected to interfere with the conduct of the Commission's law enforcement activities.'"[6]

FOIA Exemption 7(A) protects "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to interfere with enforcement proceedings."[7] To determine whether FOIA Exemption 7(A) requires a two-prong analysis,[8] first, the agency must show "a law enforcement proceeding or investigation is pending or prospective."[9] Second, the agency must show "release of the information could reasonably be expected to cause some articulable harm" to that proceeding.[10]

Here, you are correct "that [the FTC's] form letters, sent out as a matter of course, should not be read to indicate that a 'deal is unlawful.'"[11] However, that statement does not guarantee that proceedings will not "become necessary as the investigation progresses."[12] Additionally, it does not prove that the information within the requested records was not compiled for law enforcement purposes. Additionally, under the "articulable harm" standard, an agency may withhold responsive records only if "disclosure is reasonably expected to interfere" with the investigation in a "palpable, particular way."[13] For this request, "if the documents [in question] were released, they could 'reveal the scope, direction, and nature of [prospective] investigation[s],'"[14] Additionally, in the *Ctr. for Nat'l Sec. Studies v. Dep't of Justice,* cited in your appeal, the court reviews the harm articulated in litigation-related affidavits, not final FOIA request determinations at the agency-level.[15] In fact, the same case held that the agency had satisfied its burden of demonstrating potential harm under FOIA Exemption 7(A).[16] The court rejected "any attempt to artificially limit the long-recognized deference to the executive."[17] Accordingly, FOIA Exemption 7(A) was correctly applied to all responsive records.

Conversely, in addition to FOIA Exemption 7(A), the FOIA Unit should have applied FOIA Exemption 3 to all responsive records. FOIA Exemption 3 permits an agency to withhold records that are exempt from disclosure by another statute.[18] The HSR Act, 15 U.S.C. § 18a(h), states that "[a]ny information or documentary material filed with the … Federal Trade Commission pursuant to this section shall be exempt from disclosure under section 552 of Title 5."[19] Therefore, any record that was obtained by the FTC pursuant to the HSR Act may not be disclosed before, during, or after the

---

[6] *Id.* at 3-4 (quoting Final Response).

[7] 5 U.S.C. § 552(b)(7)(A).

[8] *E.g., Carter, Fullerton & Hayes v. FTC,* 637 F. Supp. 2d 1, 9 (D.D.C. 2009); *see also Juarez v. Dep't of Justice,* 518 F.3d 4, 58-59 (D.C. Cir. 2008); *Sussman v. U.S. Marshal Serv.,* 494 F.3d 1106, 1113-14 (D.C. Cir. 2007).

[9] *Id.*

[10] *Id.*

[11] Appeal at 4 (quoting Fed'l Trade Comm'n, *Adjusting merger review to deal with the surge in merger filings,* https://www.ftc.gov/enforcement/competition-matters/2021/08/adjusting-merger-review-deal-surge-merger-filings (Last Visited Aug. 2, 2022)).

[12] *Jud. Watch, Inc. v. FBI,* No. 00-745 (TFH), 2001 WL 35612541, at *5 (D.D.C. Apr. 20, 2001).

[13] *North v. Walsh,* 881 F.2d 1088, 1100 (D.C. Cir. 1989).

[14] *Id.* at *5 (quoting *Kay v. F.C.C.,* 976 F. Supp. 23, 38 (D.D.C. 1997), aff'd, 172 F.3d 919 (D.C. Cir. 1998)).

[15] Appeal at 3 (quoting *Ctr. for Nat. Sec. Stud. v. U.S Dep't of Just.,* 331 F.3d 918, 928 (D.C. Cir. 2003)).

[16] *Ctr. for Nat. Sec. Studies* 331 F.3d at 928.

[17] *Id.*

[18] 5 U.S.C. § 552(b)(3).

[19] 15 U.S.C. § 18a(h).

completion of a relevant transaction, and records that would reveal the fact of an HSR filing are also protected from disclosure.[20]

Here, the withheld documents at issue are letters sent to companies who filed a letter of intent to merge ("LOI") with the agency. The information in these letters were obtained through those LOI submissions. LOIs are only provided by companies to begin the HSR filing process. Therefore, information such as the company name, address, and details related to the proposed merger are considered "information or documentary material filed with the… [FTC]."[21] Accordingly, FOIA Exemption 3 in tandem with 15 U.S.C. § 18a(h) protects all responsive records for this request and should have been cited in the original final determination letter.

For the foregoing reasons, I am denying your appeal pursuant to FOIA Exemption 7(A) and, additionally, pursuant to FOIA Exemption 3 in tandem with 15 U.S.C. § 18a(h).

If you are dissatisfied with my action on your appeal, FOIA permits you to file a lawsuit in accord with 5 U.S.C. § 552(a)(4)(B), in a United States District Court in the district where you reside or have your principal place of business, or in the District of Columbia.

Finally, I note that the 2007 FOIA amendments created the Office of Governmental Information Services ("OGIS") to offer mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. *See* https://ogis.archives.gov. Using OGIS services does not affect your right to pursue litigation. OGIS's contact information is as follows:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road – OGIS
College Park, MD 20740-6001
ogis@nara.gov
phone: 202-741-5770, or toll-free 1-877-684-6448
fax: 202-741-5769

Sincerely,

ELIZABETH TUCCI    Digitally signed by ELIZABETH TUCCI
Date: 2022.08.14 17:20:27 -04'00'

Elizabeth Tucci
Deputy General Counsel for Legal Counsel

---

[20] *See, e.g.*, *Lieberman v. FTC*, 771 F.2d 32, 34 (2d Cir. 1985) (affirming Commission's determination that § 18a(h) prohibits disclosure of HSR "material filed with it before merger," even after merger was consummated).
[21] 15 U.S.C. § 18a(h).